# LEWIS BRISBOIS BISGAARD & SMITH LLP

ATTORNEYS AT LAW

199 WATER STREET, SUITE 2500, NEW YORK, NY 10038
PHONE: 212.232.1300 | FAX: 212.232.1399 | WEBSITE: www.lbbslaw.com

PETER J. BIGING
DIRECT DIAL: 212.232.1363
E-MAIL: biging@lbbslaw.com

June 10, 2008

FILE NO.
50130-149

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/25/08

**VIA FACSIMILE AND FIRST CLASS MAIL**
**(212) 805-7901**

The Honorable Judge Harold Baer, Jr.
United States District Court, Southern District
of New York
500 Pearl Street
Chambers 2230
New York, New York 10007

    Re:    Arturo Reyes, et al. v. Buddha-Bar NYC, et al.
             S.D.N.Y., Docket No. 08 CV 02494

Dear Judge Baer:

    This firm was recently retained to represent the Defendants Little Rest Twelve Inc. d/b/a Buddha-Bar NYC ("Buddha Bar"), Nina Zajic, David Kay and Abdul Rahman el Jastimi a/k/a Peter Jastimi (collectively "Defendants") in the above-referenced matter. For the following reasons, we respectfully request that this Honorable Court provide Buddha Bar with additional time to answer and/or move with respect to Plaintiffs' Arturo Reyes, Bryon Goins and Armando de la Fuente Peralta's (collectively "Plaintiffs") Class Action Complaint[1]. As detailed below, we have had a number of communications with counsel for the Plaintiffs with regard to this issue,

---

[1] The individual Defendants have not yet been served with the Complaint, which is why we are only seeking an extension as to Buddha Bar.

ATLANTA | CHICAGO | FORT LAUDERDALE | LAFAYETTE | LAS VEGAS | LOS ANGELES | NEW ORLEANS | NEW YORK
ORANGE COUNTY | PHOENIX | SACRAMENTO | SAN BERNARDINO | SAN DIEGO | SAN FRANCISCO | TAMPA | TUCSON

4815-8793-1906.1

and believed we had reached agreement on an extension through June 30th that just needed to be documented. However, we have hit a snag, and therefore are compelled to make this request at this time.

On or about May 9, 2008, this firm was approached with regard to the possibility of representing the Defendants in the above-referenced matter. Upon being verbally retained (but prior to receipt of our official retention letter on May 22nd), we immediately contacted Plaintiffs' counsel seeking an extension of time to answer and/or move with respect to the Plaintiffs' Complaint to June 30th. Since that time we have been working diligently with Plaintiffs' counsel in an attempt to confirm the details of an agreement as to an extension for Buddha Bar to file an answer and/or move and, as part of the discussions, an agreement whereby any applicable statutes of limitations with regard to Buddha Bar would be tolled for the period of the extension, and this firm would agree to accept service of process on the individual Defendants. After discussing the details of a proposed stipulation, we prepared a draft stipulation and e-mailed it to Plaintiffs' counsel on May 23, 2008. Since Plaintiffs' counsel was preoccupied with a mediation that she indicated was dominating her time and attention, she was unable to respond and comment on the proposed stipulation until June 2, 2008. At that time, Plaintiffs' counsel indicated that she was not inclined to agree to an extension of time for Buddha Bar to make a dispositive motion, and was inclined to agree only to an extension of time for Buddha Bar to answer. However, Plaintiffs' counsel indicated that she would be willing to discuss Buddha Bar's potential motion to dismiss in order to determine whether we could resolve the issue.

After a number of telephone calls to Plaintiffs' counsel, my associate (Jessica Mooney) finally spoke with Allegra Fishel of Plaintiff's counsel's office on June 9, 2008 concerning the basis for Buddha Bar's contemplated motion to dismiss; namely, that Plaintiffs had failed to plead their Fair Labor Standards Act ("FLSA") claims sufficiently, in failing to either allege the amount of wages or overtime pay that had been earned but not paid, in failing to otherwise provide sufficient information from which said amounts could be readily determined, and in failing to actually allege that any of the named plaintiffs worked more than 40 hours in any week for which they did not receive overtime pay. See Jian Zhong v. August August Corp. d/b/a River Vietnamese and Thai Restaurant, 498 F. Supp. 2d 625, 629 – 630 (S.D.N.Y 2007) (noting that in order to plead a FLSA claim alleging failure to pay minimum wages and/or overtime, plaintiff is required to either indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due, or provide sufficient information in the pleadings from which such information can readily be determined); Acosta v. The Yale Club of New York City, 94 Civ. 0888 (KTD), 1995 U.S. Dist. LEXIS 14881, *10 (noting that to recover for overtime wages under the FLSA, "Plaintiffs must allege that management employed the [plaintiffs] '….for a work

The Honorable Judge Harold Baer, Jr.
June 10, 2008
Page 3

week longer than forty hours....' without overtime compensation") (quoting 29 U.S.C. § 207(a)(1)).[2]

In her discussion with Ms. Fishel, Jessica suggested that what we were trying to do was simply streamline the work to be done on the file, either by having Plaintiffs amend their Complaint to add the necessary allegations, or permit Defendants to make a motion on the issue without first having to answer and then follow with a motion for judgment on the pleadings. Notwithstanding, Ms. Fishel has indicated an unwillingness to either amend the Plaintiffs' Complaint or grant an extension to the originally agreed June 30th date unless it is limited to Defendants answering and not moving. We have thus been compelled to request the Court's assistance with regard to this.

Ultimately, our objective is to find a way to streamline the parties' requisite filings as much as possible, and we will be guided by the Court's directions in this regard. If the Court believes the Defendants should simply answer, and then make a motion for judgment on the pleadings thereafter, we will pursue that course, and just ask that the Court grant us until June 30th to do so. We respectfully request however, that Defendants be permitted to answer or move by that date. Further, to the extent the Court believes the authority cited above indicates, in fact, that Plaintiffs need to supplement their FLSA allegations, we respectfully request the scheduling of a conference with regard to this issue, so that, perhaps, motion practice can be avoided.

Very truly yours,

Peter J. Biging of
LEWIS BRISBOIS BISGAARD & SMITH LLP

PJB
Enc.
cc: Allegra L. Fishel, Esq. (via facsimile and first class mail)

ORDERED:

Harold Baer, Jr., U.S.D.J.

[Handwritten note by judge:] You may have June 30 and if you are still in the defendants be sure not to — and deadline have a PTC on July 10 if we are already whoich to attend.

---

[2] Defendants believe it is particularly important to obtain pleadings providing the requisite allegations and information in this case, because one of the Plaintiffs alleged to have failed to receive pay in compliance with the state and federal minimum wage laws actually earned more than $70,000.00 over the course of the year he complains of.

4815-8793-1906.1

Endorsement:

You may answer or move by June 30 keep in mind that you are or may still be in default so I'd be sure not to miss this deadline if I were you - and as well you have a PTC on July 10 which you are obligated to attend.