UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTURO REYES, BRYON GOINS and
ARMANDO DE LA FUENTE PERALTA, on behalf
of themselves and all others similarly situated,

                    **Plaintiffs,**

    -against-

BUDDHA-BAR NYC; LITTLE REST TWELVE,
INC.; NINA ZAJIC; DAVID KAY; and ABDUL
RAHMAN EL JASTIMI a/k/a PETER JASTIMI,

                  **Defendants.**

08 CV 02494 HB

**NOTICE OF
MOTION TO DISMISS**

---

**PLEASE TAKE NOTICE** that, upon the annexed Affidavit of Peter Biging, Esq., dated

June 30, 2008, the exhibits annexed thereto, and the accompanying Memorandum of Law in Support

of Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint, Defendant  LITTLE REST

TWELVE, INC. d/b/a BUDDHA BAR-NYC ("Defendant" or "Buddha Bar") will move this Court,

Harold Baer, Jr., J. U.S.D.J., in Room 23B, United States Courthouse, 500 Pearl Street, New York,

New York 10007 on a date to be determined by this Court for an Order:

    (a)    pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing the
              Plaintiffs' Complaint as against Buddha Bar; and

    (b)    for such other, further and different relief as this Court may deem just and
              proper.

Dated: New York, New York
       June 30, 2008

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for the Defendant*
Little Rest Twelve, Inc. d/b/a Buddha Bar-NYC

By: _____

Peter J. Biging, Esq. (PB9913)
199 Water Street, Twenty-Fifth Floor
New York, New York 10038
(212) 232-1300

TO:    Allegra Fishel, Esq.
       OUTTEN & GOLDEN, LLP
       *Attorneys for Plaintiffs*
       3 Park Avenue, 29th Floor
       New York, New York 10016
       (212) 245-1000

4826-3218-3042.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTURO REYES, BRYON GOINS and
ARMANDO DE LA FUENTE PERALTA, on behalf
of themselves and all others similarly situated,

08 CV 02494 HB

Plaintiffs,

-against-

BUDDHA-BAR NYC; LITTLE REST TWELVE,
INC.; NINA ZAJIC; DAVID KAY; and ABDUL
RAHMAN EL JASTIMI a/k/a PETER JASTIMI,

Defendants.

AFFIDAVIT OF PETER J.
BIGING IN SUPPORT OF
LITTLE REST TWELVE,
INC. d/b/a BUDDHA BAR-
NYC'S MOTION TO
DISMISS

---

**Peter J. Biging, Esq.**, being duly sworn deposes and states:

1.      I am an attorney duly admitted to practice law before the United States District Court,

Southern District of New York, and a partner at the law firm Lewis Brisbois Brisgaard & Smith

LLP, attorneys of record for defendants LITTLE REST TWELVE, INC. d/b/a BUDDHA BAR

NYC ("BUDDHA BAR"), NINA ZAJIC, DAVID KAY AND ABDUL RAHMAN EL JASTIMI

a/k/a PETER JASTIMI.

1.      I am familiar with the facts and circumstances of the instant action by virtue of a

review of the file maintained in our offices in connection with the above captioned matter. I make

this affidavit in support of BUDDHA BAR'S Motion to Dismiss the Plaintiffs' Class Action

Complaint.

2.      In support of its arguments, BUDDHA BAR has cited to Plaintiffs' Class Action

Complaint. For the Court's convenience, annexed hereto as Exhibit "A" is a copy of the Class

Action Complaint.

Dated: New York, New York
       June 30, 2008

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendant*
Little Rest Twelve, Inc. d/b/a Buddha Bar-NYC

By:    _____
       Peter J. Biging, Esq. (PB9913)
       199 Water Street, Twenty-Fifth Floor
       New York, New York 10038
       (212) 232-1300

TO:    Allegra Fishel, Esq.
       OUTTEN & GOLDEN, LLP
       *Attorneys for Plaintiffs*
       3 Park Avenue, 29th Floor
       New York, New York  10016
       (212) 245-1000

# EXHIBIT "A"



OUTTEN & GOLDEN LLP
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Allegra L. Fishel (AF 4866)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

08 CV 02494

RECEIVED
MAR 1 2 2008
U.S.D.C. S.D. N.Y.
CASHIERS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ARTURO REYES, BRYON GOINS and
ARMANDO DE LA FUENTE PERALTA, on behalf
of themselves and all others similarly situated,

Plaintiffs,

-against-

BUDDHA-BAR NYC; LITTLE REST TWELVE,
INC.; NINA ZAJIC; DAVID KAY; and ABDUL
RAHMAN EL JASTIMI a/k/a PETER JASTIMI,

Defendants.

CLASS ACTION
COMPLAINT

Jury Trial Demanded

---

Plaintiffs Arturo Reyes ("Reyes"), Bryon Goins ("Goins"), and Armando de la

Fuente Peralta ("Peralta"), (collectively "Plaintiffs"), individually and on behalf of all

others similarly situated, as class representatives, upon personal knowledge as to

themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.    Buddha-Bar NYC is a trendy, expensive restaurant located in Manhattan's

Meat Packing District. Since 2006, when the restaurant opened, Defendants have

enjoyed great success at the expense of its hourly service workers by refusing to pay

them proper minimum wage and overtime compensation, and by withholding and

misappropriating their customer tips.

2.      In addition to withholding and misappropriating tips that customers paid directly to workers, Buddha Bar-NYC also collected and retained mandatory "service charges" and/or mandatory gratuities from customers that Buddha Bar-NYC led the customers to believe were for the workers. In *Samiento v. World Yacht Inc.,* 2008 N.Y. Slip Op. 1258 ; 2008 N.Y. LEXIS 228 (February 14, 2008 the New York Court of Appeals recently confirmed that this practices violates the New York Labor Law

3.      This lawsuit seeks to recover minimum wages, overtime compensation, misappropriated tips, and "service charges" and gratuities for Plaintiffs and their similarly situated co-workers.

4.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Buddha-Bar NYC who elect to opt-into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants, that have deprived Plaintiffs and others similarly situated of their lawful earned wages.

5.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of Buddha-Bar NYC, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Arturo Reyes

6.      Plaintiff Arturo Reyes is an adult individual who is a resident of New York, New York.

7.      Reyes was employed by Buddha-Bar NYC as a server from approximately September 2006 through approximately December 2007.

8.      Reyes has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  His written consent form is attached as part of Exhibit A.

9.      Reyes is a covered employee within the meaning of the FLSA and the NYLL.

#### Bryon Goins

10.      Plaintiff Bryon Goins is an adult individual who is a resident of New York, New York.

11.     Goins has been employed by Buddha-Bar NYC as a bartender from approximately March 2007 through the present.

12.      Goins has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  His written consent form is attached as part of Exhibit A.

13.      Goins is a covered employee within the meaning of the FLSA and the NYLL.

#### Armando de la Fuente Peralta

14.      Plaintiff Armando de la Fuente Peralta is an adult individual who is a resident of New York, New York.

15.      Peralta was employed by Buddha-Bar NYC as a busser from approximately January 2007 through approximately December 2007.

3

16.    Peralta has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). His written consent form is attached as part of Exhibit A.

17.    Peralta is a covered employee within the meaning of the FLSA and the New York Labor Law.

### Opt-In Plaintiffs

18.    Six other workers similarly situated to Plaintiffs have consented in writing to be parties to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Their written consent forms are attached as part of Exhibit A.

## Defendants

19.    Buddha-Bar NYC, Little Rest Twelve, Inc., Nina Zajic, David Kay, and Abdul Rahman el Jastimi a/k/a Peter Jastimi ("Defendants") were part of a single integrated enterprise that jointly employed all Plaintiffs and similarly situated employees at all times relevant.

### Buddha-Bar NYC

20.    Buddha-Bar NYC ("Buddha Bar") is a restaurant and lounge located at 25 Little West 12th Street, New York, New York.

21.    Buddha Bar is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

22.    At all times relevant, Buddha Bar's annual gross volume of sales made or business done was not less than $500,000.

4

**Little Rest Twelve, Inc.**

23.    Little Rest Twelve, Inc. is a corporation organized and existing under the laws of the State of New York with its principal executive office located at 17 Little West 12th Street, Suite 311, New York, New York.

24.    At all times relevant, Little Rest Twelve, Inc. operated Buddha Bar and did business as Buddha Bar.

25.    Little Rest Twelve, Inc. is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

26.    At all times relevant, Little Rest Twelve, Inc. maintained control, oversight, and direction over the operation of Buddha Bar, including its employment practices.

27.    At all times relevant, Little Rest Twelve, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

**Nina Zajic**

28.    Upon information and belief, at all times relevant, Nina Zajic ("Zajic") has been the Chief Executive Officer of Little Rest Twelve, Inc. and an owner and/or partner of Buddha Bar.

29.    Upon information and belief, at all times relevant, Zajic has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Zajic has also had the power to stop any illegal pay practices that harmed Plaintiffs.

30.    Zajic is a covered employer within the meaning of the FLSA and the NYLL

5

and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

31.    Zajic is an agent of Buddha Bar and Little Rest Twelve, Inc.

**David Kay**

32.    Upon information and belief, at all times relevant, Defendant David Kay ("Kay") has been an owner and/or partner of Buddha Bar.

33.    Upon information and belief, at all times relevant, Kay has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Kay has also had the power to stop any illegal pay practices that harmed Plaintiffs.

34.    Kay is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

35.    Kay is an agent of Buddha Bar and Little Rest Twelve, Inc.

**Abdul Rahman el Jastimi a/k/a Peter Jastimi**

36.    Upon information and belief, at all times relevant, Defendant Abdul Rahman el Jastimi a/k/a Peter Jastimi ("el Jastimi") has been the General Manager of Buddha Bar.

37.    Upon information and belief, at all times relevant, el Jastimi has had the power to hire and fire employees, including Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, el Jastimi has also had the power to stop any illegal pay practices that harmed Plaintiffs.

38.    el Jastimi is a covered employer within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs.

6

39.    el Jastimi is an agent of Buddha Bar and Little Rest Twelve, Inc.

## JURISDICTION AND VENUE

40.    This Court has subject matter jurisdiction pursuant to 28 U.S.C.

§§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C.

§§ 1332 and 1367.

41.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA

pursuant to 29 U.S.C. § 216(b).

42.    This Court is empowered to issue a declaratory judgment pursuant to

28 U.S.C. §§ 2201 and 2202.

43.    Venue is proper in the Southern District of New York pursuant to

28 U.S.C. § 1391.

## CLASS ACTION ALLEGATIONS

44.    Plaintiffs bring the Second, Fourth, Fifth, and Sixth Causes of Action, NYLL

claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves

and a class of persons consisting of

> all persons who have worked as servers, runners, bussers,
> bartenders, barbacks, and cocktail waitresses at Buddha Bar
> between March 11, 2002 and the date of final judgment in
> this matter (the "Rule 23 Class").

45.    Excluded from the Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or

who at any time during the class period has had, a controlling interest in Buddha Bar or

Little Rest Twelve, Inc.; the Judge(s) to whom this case is assigned and any member of

the Judges' immediate family; and all persons who will submit timely and otherwise

proper requests for exclusion from the Rule 23 Class.

7

46.    The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

47.    Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants.

48.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

49.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendants violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137, as alleged herein;

(b) whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;

(c) whether Defendants misappropriated tips from Plaintiffs and the Rule 23 Class;

(d) whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum wage under NYLL;

(e) whether Defendants' tip pooling scheme was created through the mutual agreement of Plaintiffs and the Rule 23 Class;

(f) whether Defendants demanded, accepted and/or retained gratuities paid by customers that Defendants represented and/or allowed customers to believe were gratuities intended for Plaintiffs and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class.

(g) whether Defendants made unlawful deductions from the wages of Plaintiffs and the Rule 23 Class by charging Plaintiffs and the Rule 23 Class for

8

customers who leave, but fail to pay for their food and/or drinks, for breakages or spoilages, and for uniform-related expenses;

(h) whether Defendants correctly calculated and compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(i) whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(j) whether Defendants failed to provide Plaintiffs and the Rule 23 Class call-in or show up pay as required by the NYLL;

(k) whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(l) whether Defendants failed to comply with the posting and notice requirements of the NYLL;

(m) whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(n) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(o) the nature and extent of class-wide injury and the measure of damages for those injuries.

50.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all the Rule 23 Class members work, or have worked, for Defendants as hourly food service employees at Buddha Bar. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn. Plaintiffs and Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the New York Labor Law. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

9

51.    Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class members. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiffs and the Rule 23 Class members.

52.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the New York Labor Law as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

53.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

54.    Plaintiffs bring the First and Third Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked at Buddha Bar as servers, runners, bussers, bartenders, barbacks and cocktail waitresses who elect to opt-in to this action (the "FLSA Collective").

55.    Defendants are liable under the FLSA for, *inter alia*, failing to properly

compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of Buddha Bar who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Buddha Bar, are readily identifiable, and can be located through Buddha Bar records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

56.    Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and the NYLL by denying them minimum wage, overtime compensation, tips that they earned, and other wages. At all times, Defendants' policy and pattern or practice has been willful.

57.    As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This policy and pattern or practice includes, but is not limited to the following:

a.    denying Plaintiffs and the Class Members tips that they earned;

b.    redistributing portions of the tips earned by Plaintiffs and the Class Members to employees not entitled to tips under the FLSA or the NYLL;

c.     failing to keep accurate and adequate records of wages paid to Plaintiffs and the Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, gratuities, and hours worked by Plaintiffs and the Class Members as required by the FLSA and the NYLL;

d.     failing to comply with the posting and/or notice requirements of the FLSA and the NYLL;

e.     failing to pay Plaintiffs and the Class Members at least at the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

f.     making unlawful deductions from the wages of Plaintiffs and the Class Members, including but not limited to deductions for uniform-related expenses, credit card fees, walk-outs, and spillage and breakage;

g.     failing to pay Plaintiffs and Class Members call-in pay that they earned;

h.     failing to pay Plaintiffs and Class Members spread of hours compensation that they earned; and

i.     withholding from Plaintiffs and Class Members "service charges" and/or gratuities collected from customers, where Defendants led the customers to reasonably believe that the "service charges" and/or gratuities were intended for Plaintiffs and Class Members, and where Plaintiffs and Class Members rarely, if ever, received tips directly from such customers.

58.    Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and NYLL.

59.    Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout the Buddha Bar.

60.    Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

61.    Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

### PLAINTIFFS' FACTUAL ALLEGATIONS

62.    Consistent with their policies and patterns or practices as described herein, Defendants harmed each Plaintiff individually as follows:

**Arturo Reyes**

63.    Defendants did not pay Reyes the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

64.    Defendants did not inform Reyes of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

65.    Defendants did not allow Reyes to retain all the tips he received or were intended for him.

13

66.    Defendants unlawfully demanded, retained, or received portions of the tips that Reyes received or were intended for him.

67.    Defendants unlawfully redistributed part of Reyes wages to employees in positions that do not customarily and regularly receive tips.

68.    Defendants imposed upon Reyes a tip redistribution or sharing scheme to which he had never agreed.

69.    Defendants withheld from Reyes "service charges" and/or gratuities collected from customers, where Defendants led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Reyes rarely if ever received tips directly from such customers.

70.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Reyes.

71.    Defendants did not compensate Reyes for the purchase, cleaning, care, and maintenance of the uniforms they required Reyes to wear while working at Buddha Bar.

72.    Defendants did not pay Reyes spread-of hours pay for shifts he worked of 10 hours or more.

73.    Defendants did not pay Reyes call-in pay for days when he worked at Buddha Bar for less than four hours.

74.    Defendants did not pay Reyes split-shift pay when he worked at Buddha Bar with more than an hour between shifts.

**Bryon Goins**

75.    Defendants did not pay Goins the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

76.    Defendants did not inform Goins of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

77.    Defendants did not allow Goins to retain all the tips he received or were intended for him.

78.    Defendants unlawfully demanded, retained, or received portions of the tips that Reyes received or were intended for him.

79.    Defendants unlawfully redistributed part of Goins wages to employees in positions that do not customarily and regularly receive tips.

80.    Defendants imposed upon Goins a tip redistribution or sharing scheme to which he had never agreed.

81.    Defendants withheld from Goins "service charges" and/or gratuities collected from customers, where Defendants led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Goins rarely if ever received tips directly from such customers.

82.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Goins.

83.    Defendants did not compensate Goins for the purchase, cleaning, care, and maintenance of the uniforms they required Goins to wear while working at Buddha Bar.

84.    Defendants did not pay Goins spread-of hours pay for shifts he worked of 10 hours or more.

85.    Defendants did not pay Goins call-in pay for days when he worked at Buddha Bar for less than four hours.

86.    Defendants did not pay Goins split-shift pay when he worked at Buddha Bar with more than an hour between shifts.

**Armando de la Fuente Peralta**

87.    Defendants did not pay Peralta the proper minimum wage for all of the time that he was suffered or permitted to work each workweek.

88.    Defendants did not inform Peralta of the tipped minimum wage or tip credit provisions of the FLSA or the NYLL.

89.    Defendants did not allow Peralta to retain all the tips he received or were intended for him.

90.    Defendants unlawfully demanded, retained, or received portions of the tips that Reyes received or were intended for him.

91.    Defendants unlawfully redistributed part of Peralta wages to employees in positions that do not customarily and regularly receive tips.

92.    Defendants imposed upon Peralta a tip redistribution or sharing scheme to which he had never agreed.

93.    Defendants withheld from Peralta "service charges" and/or gratuities collected from customers, where Defendants led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Peralta rarely if ever received tips directly from such customers.

94.    Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Peralta.

95.    Defendants did not compensate Peralta for the purchase, cleaning, care, and maintenance of the uniforms they required Peralta to wear while working at Buddha Bar.

96.    Defendants did not pay Peralta proper overtime compensation for all hours he worked in excess of 40 hours in a workweek.

97.    Defendants did not pay Peralta spread-of hours pay for shifts he worked of 10 hours or more.

98.    Defendants did not pay Peralta call-in pay for days when he worked at Buddha Bar for less than four hours.

99.    Defendants did not pay Peralta split-shift pay when he worked at Buddha Bar with more than an hour between shifts.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

100.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101.    Defendants failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the FLSA.

102.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

103.    At all times relevant, Plaintiffs and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

104.    At all times relevant, Plaintiffs and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

105.    At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

106.    Defendants were required to pay directly to Plaintiffs and the Class Members the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked.

107.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. § 203(m), and supporting federal regulations, including but not limited to 29 C.F.R. § 531.50, *et seq.*, Defendants were required to inform Plaintiffs and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m), and to allow such employees to retain all tips they received.

108.    Defendants failed to inform Plaintiffs and the Class Members of the provisions of subsection 503(m) of the FLSA, 29 U.S.C. § 203(m).

109.    Defendants did not permit Plaintiffs and the Class Members to retain all tips they received, in violation of the FLSA, 29 U.S.C. § 203(m).

110.    Defendants engaged in unlawful tip pooling practices.

111.    Plaintiffs and the Class Members did not mutually agree to Defendants' tip pooling practices, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 531.34.

112.    Defendants did not permit Plaintiffs and the members of the FLSA Collective to retain all tips they received.

113.    Defendants unlawfully redistributed portions of the tips received by Plaintiffs and the Class Members to employees in positions that do not customarily and regularly receive tips, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting regulations.

114.    Defendants failed to pay Plaintiffs and the Class Members enough to satisfy the tipped minimum wage as set forth in the FLSA, 29 U.S.C. § 203(m) because the actual amount of tips received by Plaintiffs and the Class Members was less than the amount Defendants used as a tip credit, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. §§ 531.50, 531.59.

115.    Defendants failed to post and keep posted in a conspicuous place on the premises of Buddha Bar a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor, in violation of the FLSA, 29 U.S.C. § 203(m) and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4

116.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

117.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

118.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION

**New York Labor Law Article 19 – Minimum Wages**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

119.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

120.    Defendants failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the NYLL.

121.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

122.    At all times relevant, Plaintiffs and the Class Members have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

123.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Class Members.

124.    Defendants were required to pay Plaintiffs and the Class Members a minimum wage at a rate of (a) $5.15 per hour for all hours worked from June 6, 2000 through December 31, 2004, (b) $6.00 per hour for all hours worked from January 1, 2005 through December 31, 2005, (c) $6.75 per hour for all hours worked from January 1, 2006 through December 31, 2006; and (d) $7.15 per hour for all hours worked from January 1, 2007 through to the present time under the NYLL §652 and the supporting New York State Department of Labor Regulations, including but not limited to the

20

regulations in 12 N.Y.C.R.R. §137-1.2.

125.    Defendants failed to pay the Plaintiffs and the Class Members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

126.    By Defendants' knowing or intentional failure to pay the Plaintiffs and Class Members minimum hourly wages, they have willfully violated the NYLL 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

127.    Defendants failed to post, in a conspicuous place in Buddha Bar a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.3.

128.    Defendants failed to furnish Plaintiffs and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

129.    By Defendants' knowing or intentional failure to pay the Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

130.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the

Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable

attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION

**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

131.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

132.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*,

and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the

Class Members.

133.    Defendants have failed to pay Plaintiffs and the members of the FLSA

Collective the overtime wages for hours that they worked in excess of 40 hours in a work

week.

134.    As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective

have been deprived of overtime compensation and other wages in amounts to be

determined at trial, and are entitled to recovery of such amounts, liquidated damages,

prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the

FLSA.

### FOURTH CAUSE OF ACTION

**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

135.    Plaintiffs reallege and incorporate by reference all allegations in all preceding

paragraphs.

22

136.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the Class Members.

137.    Defendants have failed to pay Plaintiffs and the Class Members the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

138.    By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

139.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION

**New York Labor Law - Spread-of-Hours and Split-Shift Pay**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

140.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.    Defendants have willfully failed to pay Plaintiffs and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours and for each day that they worked a split-shift.

142.    By Defendants' failure to pay and the Class Members spread-of-hours and split shift pay, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq*.,

and the supporting New York State Department of Labor Regulations.

## SIXTH CAUSE OF ACTION

**New York Labor Law – Unlawful Deductions and Tip Retention**
**(Brought on behalf of Plaintiffs and the members of the Rule 23 Class)**

143.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

144.    At all times relevant, Plaintiffs and the Class Members have been employees within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

145.    At all times relevant, Defendants have been employers within the meaning of the NYLL §§ 190, *et seq.*, and supporting New York State Department of Labor Regulations.

146.    At all times relevant, Zajic, Kay, and el Jastimi have been agents and/or officers within the meaning of the NYLL § 196-d and supporting New York State Department of Labor Regulations.

147.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to all Defendants and protect the Plaintiffs and the Class Members.

148.    Defendants unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by and/or intended for Plaintiffs and the Class Members in violation of NYLL § 196-d and supporting New York State Department of Labor Regulations.

149.    Defendants unlawfully retained part of the gratuities Plaintiffs' and the Class

Members' gratuities in violation of NYLL § 196-d and supporting New York State

Department of Labor Regulations.

150.    Defendants redistributed and/or shared part of the gratuities received by

and/or intended for Plaintiffs and the Class Members in violation of NYLL § 196-d and

supporting New York State Department of Labor Regulations.

151.    By Defendants' knowing or intentional demand for, acceptance of, and/or

retention of part of the gratuities received by Plaintiffs and the Class Members,

Defendants have willfully violated the NYLL Article 6, § 196-d and the supporting New

York State Department of Labor Regulations, including but not limited to the regulations

in 12 N.Y.C.R.R. § 137-2.5.

152.    Defendants also made unlawful deductions from the wages of servers, bussers,

bartenders, barbacks and cocktail waitresses and failed to pay them the full amount of

their wages as a result of deductions for credit card fees, unpaid checks, breakage and

spillage, and uniform-related expenses in violation of NYLL Article 6, § 193.

153.    Defendants have required servers and bartenders to pay for customer walk-

outs, breakages or spoilages, in violation of the prohibition against unauthorized

deductions under the NYLL Article 6, § 193 and the supporting New York State

Department of Labor Regulations, including but not limited to the regulations in 12

N.Y.C.R.R. § 137-2.5.

154.    Defendants have unlawfully withheld from Plaintiffs and the Class Members

"service charges" and/or gratuities collected from customers in violation of NYLL

Article 6, § 196-d.

155.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the
Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable
attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

156.    Plaintiffs do not seek liquidated damages under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other
similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice
of this collective action, or that the Court issue such notice, to all persons who are
presently, or have at any time during the three years immediately preceding the filing of
this suit, up through and including the date of this Court's issuance of court-supervised
notice, been employed by Defendants as hourly food service employees at Buddha Bar.
Such notice shall inform them that this civil action has been filed, of the nature of the
action, and of their right to join this lawsuit if they believe they were denied proper
wages;

B.    Unpaid wages and an additional and equal amount as liquidated
damages pursuant to the FLSA and the supporting United States Department of Labor
regulations;

C.    Certification of this case as a class action pursuant to Rule 23 of the
Federal Rules of Civil Procedure;

D.    Designation of Plaintiffs as representatives of the Rule 23 Classes, and
counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.      Unpaid overtime pay pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

G.      Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq.,* and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

H.      Pre-judgment interest and post-judgment interest;

I.      An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Dated:        New York, New York
              March 12, 2008

                        Respectfully submitted,
                        OUTTEN & GOLDEN LLP
                        By:


                        _____
                        Justin M. Swartz (JS 7989)

                        **OUTTEN & GOLDEN LLP**
                        Adam T. Klein (AK 3293)
                        Justin M. Swartz (JS 7989)
                        Allegra L. Fishel (AF 4866)
                        3 Park Avenue, 29th Floor
                        New York, New York 10016
                        Telephone:  (212) 245-1000

                        **Attorneys for Plaintiffs and
                        the Putative Class**

28

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against
___Buddha-Bar NYC, Little Rest Twelve, Inc.___.  By joining this lawsuit, I designate the
Class Representatives to make all decisions on my behalf concerning the method and manner
of conducting the case including settlement, the entering of an agreement with Plaintiffs'
counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining
to this lawsuit.  For purposes of this lawsuit, I choose to be represented by Outten & Golden
LLP and other attorneys with whom they may associate.

Date: _03 MARCH 2008_

_____
Signature

_BRYON CHRISTOPHER GOINS_
Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.____. By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: 3/3/08

Signature

LAURA IONATTA
Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.___ . By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: __3/03/08__

_____
Signature

___MICHAEL G. MARTIN___
Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)


**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against
___Buddha-Bar NYC, Little Rest Twelve, Inc.___ . By joining this lawsuit, I designate the
Class Representatives to make all decisions on my behalf concerning the method and manner
of conducting the case including settlement, the entering of an agreement with Plaintiffs'
counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining
to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden
LLP and other attorneys with whom they may associate.


Date: _03-03-08_

Signature _____

BENKYANE   MOUHSINE
Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)


**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.___ . By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.


Date: 03/03/08

_____
Signature

ARTURO REYES
_____
Printed Name

REDACTED

**CONSENT TO BE A PARTY PLAINTIFF**

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.___ . By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: ___03-03-08___        Jonathan Sanchez
                            Signature

                            Jonathan Sanchez
                            Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.___ . By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: _07-06-08_

_____
Signature

_Armando de la Fuente Peralta_
Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.___. By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: MAR- 07 /08

Signature

Antonio Valle
Printed Name

REDACTED

## CONSENT TO BE A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I WANT TO JOIN THIS LAWSUIT** seeking unpaid wages and overtime against ___Buddha-Bar NYC, Little Rest Twelve, Inc.___ . By joining this lawsuit, I designate the Class Representatives to make all decisions on my behalf concerning the method and manner of conducting the case including settlement, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. For purposes of this lawsuit, I choose to be represented by Outten & Golden LLP and other attorneys with whom they may associate.

Date: 03 | 10 | 08

_____
Signature

Wilfredo Moreno
Printed Name

REDACTED