UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTURO REYES, BRYON GOINS and
ARMANDO DE LA FUENTE PERALTA, on behalf
of themselves and all others similarly situated,

                      Plaintiffs,

   -against-

BUDDHA-BAR NYC; LITTLE REST TWELVE,
INC.; NINA ZAJIC; DAVID KAY; and ABDUL
RAHMAN EL JASTIMI a/k/a PETER JASTIMI,

                      Defendants.

08 CV 02494 HB

---

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT LITTLE REST TWELVE, INC.
d/b/a BUDDHA BAR-NYC'S
MOTION TO DISMISS**

                                              LEWIS BRISBOIS BISGAARD & SMITH LLP
                                            199 Wall Street, 25th Floor
                                            New York, New York 10005
                                            (212) 232-1300

                                            *Attorneys for the Defendant*

OF COUNSEL:

Peter J. Biging (PB-9913)

4818-8513-8178.1

## PRELIMINARY STATEMENT

Defendant Little Rest Twelve, Inc. d/b/a Buddha Bar – NYC ("Defendant" or "Buddha Bar")[1] submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As discussed more fully below, it is respectfully submitted that Plaintiffs' Fair Labor Standards Act ("FLSA") claims asserted in Plaintiffs' First and Third Causes of Action, should be dismissed on the ground that Plaintiffs fail to sufficiently plead same. Case law authority in this District provides that in pleading a failure to pay minimum wage and/or failure to pay overtime wage claims in violation of the FLSA, Plaintiffs are required to set forth enough information in their Complaint to allow Defendants to perform at least a rough calculation as to Plaintiffs' alleged damages. The failure to do so, as here, is grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In dismissing Plaintiffs' FLSA claims, the Court is respectfully requested to dismiss, as well, Plaintiffs' New York Labor Law ("NYLL") claims for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

On or about March 12, 2008, Plaintiffs filed a Class Action Complaint against Little Rest Twelve, Inc., Buddha Bar-NYC, Nina Zajic, David Kay and Abdul Rahman el Jastimi a/k/a Peter Jastimi.[2] A copy of the Class Action Complaint ("Complaint) is attached to the accompanying Affidavit of Peter J. Biging, Esq., sworn to on June 30, 2008 ("Biging Aff.") as Exhibit "A" thereto. Plaintiffs allege that Buddha Bar violated their rights under the Fair Labor Standards Act and the

---

[1] While Plaintiff sued Buddha-Bar NYC *and* Little Rest Twelve, Inc., the correct entity name is Little Rest Twelve, Inc. d/b/a Buddha Bar-NYC.

[2] This motion is made on behalf of all named Defendants to the extent they have been served with process at the time of filing of this Motion. To our knowledge, at this time *only* Little Rest Twelve, Inc. d/b/a Buddha Bar – NYC has been served with the Complaint.

New York Labor Law by allegedly denying them minimum wage, overtime compensation, earned tips, and other wages. Complaint, ¶1.

More specifically, as for Plaintiffs' FLSA claims, Plaintiffs generally allege that Buddha Bar was required to pay Plaintiffs the applicable federal minimum wage rate of at least $5.15 per hour, but failed to do so while unlawfully denying them tips they earned and redistributing portions of same to employees not entitled to tips under the FLSA. Complaint, ¶¶ 57 a-b, 63-69, 75-81, and 87-93. Additionally, Plaintiffs' FLSA claims include a claim for allegedly unpaid overtime wages. Complaint, ¶¶ 56, 96, 132-134. With regard to their overtime wage allegations, Plaintiffs assert that Buddha Bar allegedly failed to pay Plaintiffs the overtime wages for hours that they worked in excess of 40 hours in a work week. Complaint, ¶¶ 96, 133.[3]

Buddha Bar denies all FLSA and NYLL allegations set forth in Plaintiffs' Complaint. However, for the foregoing reasons, Buddha Bar moves at this time for dismissal of the action: (1) because the FLSA allegations are insufficient to state a claim upon which relief may be granted; and (2) in the absence of viable federal claims, Plaintiffs' state law claims should be dismissed for lack of subject matter jurisdiction.

## ARGUMENT

### POINT I

**PLAINTIFFS' FAIR LABOR STANDARDS ACT CLAIMS ASSERTED IN THEIR CLASS ACTION COMPLAINT SHOULD BE DISMISSED AS THEY FAIL TO PLEAD FACTS SUFFICIENT TO SUPPORT THEIR CLAIMS**

---

[3] It should be noted that while Plaintiffs generally and collectively allege Buddha Bar violated the overtime wage provisions of the FLSA, neither Reyes nor Goins assert in their individual allegations that Buddha Bar failed to pay them overtime wages.

4818-8513-8178.1                                    3

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences" in favor of the non-moving party. Jian Zhong v. August August Corp. d/b/a River Vietnamese & Thai Restaurant, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2nd Cir. 2002)). See also Diaz v. Scores Holding Co., Inc., 2008 U.S. Dist. LEXIS 38248 *8 (S.D.N.Y., May 9, 2008). While "the complaint 'does not need detailed factual allegations' to survive a motion to dismiss, plaintiffs must, at a minimum, sufficiently plead the facts underlying the claim 'to raise the right to relief above the speculative level...'" Diaz, 2008 U.S. Dist. LEXIS at *8 (citing Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). It is also imperative that allegations sufficient to set forth each of the requisite elements of a claim be set forth. See generally Rosner v. Bank of China, 528 F. Supp. 2d 419, 427 (S.D.N.Y. 2007). "[A] plaintiff's pleading obligations require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice". Id. at 427. See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). " 'In considering a motion to dismiss for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)*, a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.'" Stryker v. Alex Stelmak, 2006 U.S. Dist. LEXIS 83218 *8 (S.D.N.Y., November 14, 2006) (citing Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)).

In order to properly state a claim for same, "a claim under the FLSA to recover unpaid minimum or overtime wages should indicate the applicable rate of pay and the amount of unpaid minimum or overtime wages due." Zhong, 498 F. Supp. 2d at 629. While Plaintiffs do not necessarily need to state a specific dollar amount they believe they are owed for their minimum

wage claims, they must at least provide enough information to give Defendants sufficient notice from which to calculate alleged damages. See Zhong, 498 F. Supp. 2d at 629. And as to overtime wage allegations, " '[s]imply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of *Section 7 of the FLSA*." Zhong, 498 F. Supp. 2d at 630 (citing Acosta v. Yale Club, 1995 U.S. Dist. LEXIS 14881 *11 (S.D.N.Y., October 12, 1995)).

Indeed, with regard to pleading a failure to pay overtime claim, "Plaintiffs must [specifically] allege that management employed the [plaintiffs] '...for a work week longer than forty hours...' without overtime compensation". Acosta, 1995 U.S. Dist. LEXIS 14881, *10 (quoting 29 U.S.C. § 207 (a) (1)). While Plaintiff Armando de la Fuente Peralta arguably does this (without ever purporting to identify the number of overtime hours he worked without compensation or the monies he claims he is owed), neither Reyes nor Goins make such allegation. The failure to assert such allegations, and particularly those allegations regarding the actual damages alleged to have been incurred, results in a consequent failure to satisfy Rule 8(a)(3) of the Federal Rules of Civil Procedure, "which requires that a complaint contain 'a demand for judgment for the relief the pleader seeks'". Zhong, 498 F. Supp. at 630.

In Zhong, while the Court concluded that Plaintiff had pled sufficient facts to sustain his minimum wage FLSA claim, the Court dismissed Plaintiff's complaint in part for his failure to sufficiently plead his overtime wage allegations. Id. at 629. In granting Defendant's motion to dismiss as to the overtime wage claims, the Court found that plaintiff's allegations that he worked "beyond 40 hours per week" was simply not sufficient to support his overtime wage claim. Id. at 630. Further, in denying Defendant's motion to dismiss the FLSA minimum wage claim, the Court noted that plaintiff pled sufficient facts to identify his alleged damages by alleging that his daily salary was $10.00 and that he worked for either three or four hours per day, Monday through

Saturday. Id. Such allegations were deemed to be sufficient since the unearned minimum wage plaintiff alleged he was owed could be readily determined from the statements in his complaint detailing his salary and working hours. Id.

Similar to Zhong, in Acosta, with regard to Plaintiffs' overtime wage allegations, the Court found that even though plaintiffs "cite various instances when they worked several extra hours in a given day…they [did] not offer any examples of situations when management employed them for more than 40 hours in a week without paying them overtime." Acosta, 1995 U.S. Dist. LEXIS at *10. As such, the Court stated that "[p]laintiffs' allegations amount to nothing more than a hodgepodge of individual instances where waiters were not paid for extra hours worked on a given day. Such allegations do not adequately state a claim under Section 7 of the FLSA". Id. at *11.

As in Zhong and Acosta, in their Complaint before the Court in this action Plaintiffs have failed to plead sufficient facts to support their minimum wage and overtime wage claims. Nowhere in Plaintiffs' complaint do they identify or provide information from which to calculate the amount of unpaid minimum or overtime wages alleged to be due.

With regard to their minimum wage claims, Plaintiffs allege that Buddha Bar was "required to pay directly to Plaintiffs and the Class Members the applicable federal minimum wage rate of at least $5.15 per hour for all hours worked" and that Buddha Bar was "not eligible to avail [itself] of the federal tipped minimum wage rate under the FLSA" due to its alleged violation of the tip credit laws. See Complaint, ¶¶ 106, 107. While this is a start, no allegations are made as to the amount of monies the plaintiffs each allegedly should have received but failed to receive. Nor are there any allegations sufficient to permit the Defendant to calculate the amounts claimed to have been wrongfully withheld. Indeed, plaintiffs allege in their individual allegations nothing more than that they were not paid "the proper minimum wage for all of the time that [they were] suffered or

4818-8513-8178.1                                6

permitted to work each workweek." See Complaint, ¶¶ 63-64, 75-76, 87-88. No place in their individual allegations do Plaintiffs set forth the number of hours they worked per week, the salary being paid before tips, or the number of weeks worked. It is Plaintiffs' obligation to either allege the specific wages improperly withheld or facts sufficient to enable a rough calculation of same.[4]

As to Plaintiffs' FLSA overtime wage claim, similar to the plaintiff in Zhong, Plaintiffs allege nothing more than that Buddha Bar failed to pay Plaintiffs "the overtime wages for hours that they worked in excess of 40 hours in a work week." See Complaint, ¶133. Plaintiffs Reyes and Goins do not specifically allege that they ever worked overtime for which they were not paid, and Plaintiff Peralta, while alleging he failed to receive pay for weeks in which he worked in excess of 40 hours, fails to actually allege the overtime pay he claims he should have received or any specifics regarding this claim that might enable Defendant to calculate the alleged overtime pay he claims he was owed. See Complaint, ¶¶ 63-99. As such, plaintiffs have not even come close to meeting the pleading requirements to maintain a claim for alleged unpaid overtime under the FLSA. See Zhong, 498 F. Supp. 2d at 629; Acosta, 1995 U.S. Dist. LEXIS at *11. Plaintiffs' blanket assertion that they were not paid overtime wages for hours worked in excess of 40 hours in a week is just not adequate to maintain a claim under the FLSA.

---

[4] While Plaintiffs may argue that this is "nitpicking", the fact is that it's the law. It is the law because "Congress intended the FLSA to aid the unprotected, unorganized, and lowest paid of the nation's working population; that is, those employees who lacked sufficient bargaining power to secure for themselves a minimum subsistence wage." DiFilippo v. Barclays Capital, Inc., 2008 U.S. Dist. LEXIS 37064 *6 (S.D.N.Y., May 6, 2008) (citing Freemen v. Nat'l Broad Co., 80 F.3d 78, 86 (2d Cir. 1996)). The Court may be interested to note that two of the Plaintiffs herein, Arturo Reyes and Bryon Goins earned in excess of $70,000 and $50,000 in 2007, respectively. What this reveals is that this case is not about securing for them a minimum subsistence wage. It's about trying to pocket still more money from Buddha Bar, after earning a very substantial compensation already for their services as servers, bussers and bartenders.

For the foregoing reasons, Plaintiffs' FLSA claims (based both on alleged failure to receive minimum wage and overtime pay) should be dismissed for failure to state a claim upon which relief may be granted.

## POINT II

### PLAINTIFFS' REMAINING NYLL CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

When all federal claims in a case are dismissed, the Court may, at its discretion, exercise supplemental jurisdiction over the remaining state law claims. Stryker, 2006 U.S. Dist. LEXIS at *13-14. However, " '[w]hen all bases for federal jurisdiction have been eliminated . . . the federal court should ordinarily dismiss the state claims.'" Id. (citing Bd. of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co., 85 F.3d 35, 39 (2d Cir. 1996)) (quoting citation omitted). See also Louisdor v. American Telecommunications, Inc., 540 F. Supp. 2d 368, 374 (E.D.N.Y. 2008). Furthermore, where the federal claims are dismissed prior to trial, "even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Id. citing Castellano v. Bd. of Trustees of Police Officers' Variable Supplements Fund, 937 F.2d 752, 758 (2d Cir. 1991).

In addition to the Plaintiffs' FLSA claims, Plaintiffs also assert in their Second, Fourth, Fifth, and Sixth Causes of Action that Buddha Bar violated various NYLL provisions including but not limited to New York minimum wage and overtime laws. See Complaint, ¶¶119-130, 135-156. The asserted basis of the Court's jurisdiction for these alleged NYLL violations is 28 U.S.C. §§1332 and 1367. See Complaint, ¶ 40. Since the sole basis of jurisdiction over the state law claims is Plaintiffs' federal law claims, if this Court dismisses Plaintiffs' FLSA claims, it is respectfully submitted that it should also dismiss the Plaintiffs' NYLL claims for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, Buddha Bar respectfully requests that this Honorable Court dismiss Plaintiffs' FLSA claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure state a claim upon which relief may be granted. Upon dismissing Plaintiffs' FLSA claims, Buddha Bar further requests that this Honorable Court dismiss Plaintiffs' remaining NYLL claims for lack of subject matter jurisdiction.

Dated: New York, New York
      June 30, 2008

                              Respectfully submitted,

                              **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                              *Attorneys for Defendant*
                              Little Rest Twelve, Inc. d/b/a Buddha Bar-NYC

By:              /s/ Peter J. Biging
                              Peter J. Biging, Esq. (PB 9913)
                              199 Water Street, Twenty-Fifth Floor
                              New York, New York 10038
                              (212) 232-1300

TO:    Allegra Fishel, Esq.
         OUTTEN & GOLDEN, LLP
         *Attorneys for Plaintiffs*
         3 Park Avenue, 29th Floor
         New York, New York 10016
         (212) 245-1000