## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTURO REYES, BRYON GOINS and ARMANDO DE LA FUENTE PERALTA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>-against-<br><br>BUDDHA-BAR NYC; LITTLE REST TWELVE, INC.; NINA ZAJIC; DAVID KAY; and ABDUL RAHMAN EL JASTIMI a/k/a PETER JASTIMI,<br><br>                Defendants. | 08 Civ. 02494 (DF)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 7/28/09 |

## FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS

On March 12, 2008, Plaintiffs filed a complaint in the above-captioned action alleging

that Defendants had violated the Fair Labor Standards Act ("FLSA") and the New York Labor

Law ("NYLL") by requiring Plaintiffs to share their tips with ineligible employees,

misappropriating mandatory gratuities paid by customers holding private parties at Buddha-Bar,

failing to pay Plaintiffs at the proper overtime and minimum wage rate, requiring Plaintiffs to pay

to purchase and launder uniforms, failing to pay Plaintiffs for hours worked off-the-clock, failing

to pay Plaintiffs spread-of-hours pay and call-in-pay, and failing to keep accurate time records.

Plaintiffs brought their FLSA claims as a collective action under 29 U.S.C. § 216(b) and their

NYLL claims as a class action under Fed. R. Civ. P. 23 on behalf of themselves and a putative

class of servers, runners, bussers, bartenders, barbacks, and/or cocktail waiters who worked at

Buddha-Bar NYC in New York City. Defendants denied the allegations.

After participating in two mediation sessions with mediator Carol Wittenberg of JAMS, the parties reached an agreement to resolve this case. The terms of that agreement are memorialized in the Joint Settlement and Release ("Settlement Agreement"). Without conceding the validity of Plaintiffs' claims and without admitting liability, Defendants agreed, among other things, to create a Settlement Fund of $710,000 plus interest in order to resolve the claims. In addition, Defendants agreed to the following injunctive relief for a two-year period ("Injunctive Relief"):

> (1)    Defendants will not require that workers at Buddha-Bar NYC share tips with general managers, floor managers, or anybody with supervisory authority, and will prohibit general managers, floor managers, or anybody with supervisory authority from sharing in a tip pool;
>
> (2)    Defendants will comply with the law with respect to call-in pay;
>
> (3)    Defendants will comply with the law with respect to spread-of-hours pay;
>
> (4)    Defendants will comply with the law with respect to the proper rate of overtime under the Fair Labor Standards Act;
>
> (5)    Defendants will provide workers with uniforms at no cost;
>
> (6)    Defendants will comply with the law with respect to the laundering and maintenance of uniforms;
>
> (7)    Defendants will post notices regarding the requirements of the Fair Labor Standards Act and the New York Labor Law; and
>
> (8)    Defendants will not retaliate against any workers for their participation in this Litigation and/or Settlement.

On January 29, 2009, the Court entered an order preliminarily approving the settlement, certifying a settlement class, designating Outten & Golden LLP ("O&G") as Class Counsel, and authorizing the dissemination of the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"). (Docket No. 53) (the "Preliminary Approval Order").

On April 3, 2009, the Claims Administrator sent a Court-approved Notice to all 437 Class

2

Members informing them of their right to opt out of or object to the settlement and setting forth Class Counsel's intention to seek from the Settlement Fund $7,500 in service payments for the three Named Plaintiffs, 33% for attorneys' fees, and out-of-pocket expenses. No Class Member opted out of or objected to the settlement and none objected to Class Counsel's requests for attorneys' fees, costs, or service payments.

On May 12, 2009, Plaintiffs filed their Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"). That same day, Plaintiffs also filed Motions for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Attorneys' Fees") and for Service Payments ("Motion for Service Payments"). Defendants took no position with respect to either of these motions and did not object to the requests for attorneys' fees, costs, or service payments.

The Court held a fairness hearing on May 27, 2009. No Class Member objected to the settlement.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, the Motion for Service Payments, the supporting memoranda, the oral argument presented at the May 27, 2009 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the May 27, 2009 fairness hearing, and for good cause shown, and this court having consent jurisdiction over this matter pursuant to 2F U.S.C. §636(c),

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

## CERTIFICATION OF THE SETTLEMENT CLASS

1. The Court certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes: all persons who have worked as servers, runners, bussers, bartenders, barbacks, and/or cocktail waiters at Buddha-Bar NYC at any time between April 1, 2006 and October 31, 2008.

2. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P.

3

23(a) and (b)(3).

3.    Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are 437 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

4.    Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law including whether Defendants required Plaintiffs to share their tips with ineligible employees, misappropriated mandatory service charges paid by event customers, failed to pay Plaintiffs at the proper overtime and minimum wage rate, required Plaintiffs to pay to purchase and launder uniforms, failed to pay Plaintiffs for hours worked off-the-clock, failed to pay Plaintiffs spread-of-hours pay and call-in-pay, and failed to keep accurate time records. *See Mohney v. Shelly's Prime Steak*, 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at **10-11 (S.D.N.Y. Mar. 31, 2009); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 U.S. Dist. LEXIS 74039, at **39-40 (S.D.N.Y. Sept. 29, 2006).

5.    Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at *11; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008).

6.    Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with Class Members, *see Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at **18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel "has an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area." *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at **11-12 (quoting *Damassia*, 250

4

F.R.D. at 158).

7.      Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members. *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at *11; *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007) (the issue of whether employees were supposed to be paid overtime was "about the most perfect question[] for class treatment"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12; *Damassia*, 250 F.R.D. at 161, 164.

## APPROVAL OF THE SETTLEMENT AGREEMENT

8.      The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement and this Order under Rule 23 and the FLSA. The settlement is fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

9.      The $710,000 settlement amount plus interest is substantial and the settlement includes meaningful injunctive relief. In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated. It was the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (citing

5

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at \*\*12-13.

10.    The Court gives weight to the parties' judgment that the settlement is fair and reasonable, as well as to the Class's favorable reaction to the settlement. *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at \*13.

11.    The Court approves the FLSA settlement and finds that the FLSA settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

## DISSEMINATION OF NOTICE

12.    Pursuant to this Court's Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last know address (with a remailing of returned Notices). This Court finds that the Notice fairly and adequately advised the members of Class of the terms of the settlement, as well as the right of members of the Class to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on May 27, 2009. Class Members were provided the best notice practicable under the circumstances.

13.    The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

14.    The Court confirms Settlement Services, Inc. ("SSI") as the Claims Administrator.

## APPOINTMENT OF O&G AS CLASS COUNSEL, AWARD OF FEES AND COSTS TO O&G, AND AWARD SERVICE PAYMENTS TO NAMED PLAINTIFFS

15.    The Court appoints Justin M. Swartz, Linda A. Neilan, and Rachel Bien of Outten & Golden LLP as Class Counsel because they meet all of the requirements of Fed. R. Civ. P.

6

23(g). *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

16.    O&G did substantial work identifying, investigating, proseeuting, and settling Plaintiffs' and the Class Members' claims.

17.    O&G's lawycrs have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law. *See, e.g.*, *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *15 (O&G attorneys have "substantial experience prosecuting and settling . . . wage and hour class actions"); *Damassia*, 250 F.R.D. at 165 (appointing O&G as class counsel on the basis of its "experience[] in handing wage and hour class actions and . . . knowledge of the applicable law").

18.    Courts have repeatedly found O&G to be adequate class counsel in employment law class actions. *See, e.g., Mohney*, 2009 U.S. Dist. LEXIS 27899, at *15.

19.    The work that O&G has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests

20.    O&G has committed substantial resources to prosecuting this case.

21.    The Court hereby grants Plaintiffs' Motion for Attorneys' Fees and awards O&G thirty three percent (33%) of the Fund (including any interest in the Fund).

22.    The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-recovery" method, which is consistent with the "trend in the Second Circuit." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005); *see Strougo ex rel.*

*Brazilian Equity Fund, Inc. v. Bassini,* 258 F. Supp. 2d 254, 261-62 (S.D.N.Y. 2003) (collecting cases); *In re NASDAQ Market-Makers Antitrust Litigation,* 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (collecting cases); *Mohney,* 2009 U.S. Dist. LEXIS 27899, at *16. Class Counsel's request for 33% of the Settlement Fund is typical in class action settlements in the Second Circuit. *See, e.g., Strougo ex rel. Brazilian Equity Fund, Inc.,* 258 F. Supp. 2d at 262 (33 1/3% of settlement fund approved for attorneys' fees); *In re Blech Sec. Litig.,* No. 94 Civ. 7696, 2002 U.S. Dist. LEXIS 23170, at *5 (S.D.N.Y. Dec. 4, 2002) (33 1/3% of settlement fund approved for attorneys' fees, plus costs); *Cohen v. Apache Corp.,* No. 89 Civ. 0076, 1993 U.S. Dist. LEXIS 5211, at *1 (S.D.N.Y. Apr. 21, 1993) (33 1/3% of settlement fund approved for attorneys' fees); *In re Gulf Oil/Cities Serv. Tender Offer Litig.,* 142 F.R.D. 588, 596-597 (S.D.N.Y.1992) (33 1/3% of settlement fund approved for attorneys' fees); *In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 326 (E.D.N.Y. 1993) (33.8% of settlement fund approved for attorneys' fees, plus costs). The attorneys' fees requested were entirely contingent upon success. Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation.

23. Class Counsel are also awarded reimbursement of litigation costs and expenses in the amount of $2,461.94.

24. The attorneys' fees awarded and the amount in reimbursement of litigation costs and expenses shall be paid from the Settlement Fund.

25. The Court finds reasonable service awards of $7500 to the following Plaintiffs: Arturo Reyes, Bryon Goins, and Armando de la Fuente Peralta. These amounts shall be paid from the Settlement Fund.

26. Such service awards are common in class action cases and are important to

compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff. *See Mohney*, 2009 U.S. Dist. LEXIS 27899, at **18-19; *Roberts v. Texaco, Inc.,* 979 F. Supp. 185, 200-01 (S.D.N.Y. 1997) ("The guiding standard in determining an incentive award is broadly stated as being the existence of special circumstances including the personal risk (if any) incurred by the plaintiff-applicant in becoming and continuing as a litigant, the time and effort expended by that plaintiff in assisting in the prosecution of the litigation or in bringing to bear added value (e.g., factual expertise), any other burdens sustained by that plaintiff in lending himself or herself to the prosecution of the claims, and, of course, the ultimate recovery.").

## CONCLUSION

27.     The "Effective Date" of the settlement shall be 30 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day after all appeals are finally resolved.

28.     Within 5 days of the Effective Date, the Claims Administrator will distribute the money in the Escrow Account by making the following payments in the order below:

a.      Paying Class Counsel 33% of the amount in the Escrow Account;

b.      Reimbursing Class Counsel's costs in the amount of $2,461.94, which the Court finds to be reasonable;

c.      Paying the Claims Administrator $10,000 (which is Plaintiffs' portion of the Claims Administrator's fees as described in Section 2.1 of the Settlement Agreement);

d.      Paying $7500 each to Arturo Reyes, Bryon Goins, and Armando de la Fuente Peralta as described in Section 3.3 of the Settlement Agreement.

9

e.  Paying the remainder of the money in the Escrow Account less the Reserve Fund[1] to Class Members in accordance with the allocation plan described in Section 3.4 of the Settlement Agreement (the "Settlement Distribution").

f.  If there is more than $20,000 in the Escrow Account 90 days after the Settlement Distribution, the Claims Administrator shall redistribute the money to Class Members in pro-rata payments based on the formula described in Section 3.4(B) of the Settlement Agreement. If there is less than $20,000 in the Escrow Account 90 days after the after the Settlement Distribution, the money will be donated to a *cy pres* designee selected by Class Counsel.

29.  The Court retains jurisdiction over the action for the purpose of enforcing the

Injunctive Relief as defined in Sections 3.6 of the Settlement Agreement.

30.  The parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this 28th day of _May_ , 2009.

Honorable Debra Freeman
United States Magistrate Judge

---

[1] The Claims Administrator will hold back $15,000 from the Settlement Distribution (the "Reserve Fund") to correct any discrepancies or mistakes from the Settlement Distribution. The Claims Administrator will distribute the money in the Reserve Fund in accordance with the formula described in Section 3.4(B) of the Settlement Agreement to any Class Member who did not receive Notice provided that the Class Member contacts Class Counsel or the Claims Administrator within 90 days of the Settlement Distribution.

10